JiDOUCET, Judge.
The question before us in this case is whether plaintiffs attorney in a worker’s compensation suit committed malpractice in that he failed to timely file suit where he was actively involved in settlement negotiations on and subsequent to the prescriptive date.
Josephine Darbonne, plaintiff herein, allegedly incurred psychological injuries as the result of an incident which occurred on October 26, 1987, at her place of employment. She retained the defendant, Elbert L. Guillo-ry, to represent her in the worker’s compensation claim. He began negotiations with Commercial Union ^Insurance Company (Commercial), insurer of Ms. Darbonne’s former employer. Commercial refused to pay benefits. As a result, Mr. Guillory filed a claim with the Office of Worker’s Compensation.
Mr. Guillory and Commercial entered settlement negotiations. Commercial sent Ms. Darbonne to a psychologist, Dr. Lynn Au-rich. However, Commercial did not pay for the additional visits.
In October 1988, negotiations gained urgency as the prescriptive date neared. Mr. Guillory testified that a settlement agreement was reached on October 17, 1988, whereby Commercial, through its adjuster, Linda Robinette, agreed to pay $5,500 to cover past indemnity benefits plus future benefits based on Dr. Aurich’s opinions as to future disability and treatment required. Although Ms. Robinette, in testimony, disagreed that a settlement had been reached, she admitted that she continued to actively negotiate a settlement after the prescriptive date had passed. Letters and phone calls were exchanged by Mr. Guillory and Ms. Robinette, with each actively seeking settlement. Ms. Robinette admitted in testimony that Commercial was aware that the prescriptive date had passed but felt it was in its interest to settle. Commercial continued settlement efforts in spite of an attorney’s advice that the claim might be prescribed. As late as January 18,1989, Ms. Robinette made a written offer to settle.
Shortly thereafter, Ms. Darbonne dismissed Mr. Guillory and retained other counsel. Ms. Darbonne’s new attorney filed suit in connection with her worker’s compensation claim. Commercial filed an exception of prescription which the court granted.
On September 22, 1989, Ms. Darbonne filed this suit against Mr. Guillory alleging that he negligently allowed her worker’s compensation suit to prescribe. Mr. Guillory answered in the form of a general denial. He further filed a cross-claim against Commercial. Ms. Darbonne amended her petition to include a claim against Commercial for failure to perform under the settlement agreement.
hA trial on the merits was held on May 19, 1993. After hearing the evidence the trial judge rendered judgment dismissing all claims against both Guillory and Commercial. The trial judge based his ruling on his finding that 1) no settlement was ever entered, and 2) the continuation of settlement negotiations beyond the prescriptive period prevented the running of prescription. Ms. Dar-bonne appeals.
On appeal Ms. Darbonne does not dispute the trial judge’s finding that no compromise was ever entered. Ms. Darbonne has limited her assignments of error and arguments on appeal to her claim against Mr. Guillory. Ms. Darbonne first contends that the trial judge erred in finding that the claim did not prescribe during Mr. Guillory’s representation of her.
In his written reasons for judgment the trial judge likens this case to that before the case in Baker v. Grinnell Fire Protection *683 Systems, 487 So.2d 700 (La.App. 5 Cir.), writ denied, 493 So.2d 639 (La.1986). In that case, the appellate court found no error in the trial court’s conclusion that an insurer was estopped from asserting the defense of prescription where the insurer’s continuation of settlement negotiation subsequent to all prescriptive periods. “[T]he trial court could reasonably have concluded that the defendant’s adjuster led the plaintiff’s attorney into a good faith belief that, pending the receipt of all medical reports, the claim would remain viable and that filing of a lawsuit was unnecessary.” Baker, supra, at p. 703.
The facts of this case are quite similar to those before the court in Baker. In light of the facts of this case and the court’s holding in Baker, we can find no error in the trial court’s conclusion that, during Mr. Guillory’s representation of Mrs. Darbonne, Commercial was estopped from asserting the defense of prescription against Mrs. Darbonne. Applying the reasoning of Baker to this ease, we must conclude that if Commercial was es-topped [4from asserting prescription, then Mr. Guillory was not negligent in failing to file suit.
Having found no negligence on the part of Mr. Guillory, we need not consider Ms. Dar-bonne’s assignments of error with regard to the merits and value of her underlying claim.
Accordingly the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.